UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOSHUA ALLEN VanKIRK, JEROD
LEON HARGROVE, LAMONT PARIEL
WILKERSON, EDWARD TRZASA,
TERRELL HAMPTON, MATTHEW
MIDKIFF, DARION CALDWELL, and
SHAMARIAN UNBARE SCOTT
HAYWOOD,

Plaintiffs,

v.                                                  CAUSE NO. 2:26-CV-120-PPS-JEM

LAKE COUNTY SHERIFF'S OFFICE,
OSCAR MARTINEZ, JR., MANCHAGA,
CHRISTOPHER ANDERSON, and
JARRETT,

Defendants.

<u>OPINION AND ORDER</u>

Joshua Allen VanKirk, Jerod Leon Hargrove, Lamont Pariel Wilkerson, Edward

Trzasa, Terrell Hampton, Matthew Midkiff, Darion Caldwell, and Shamarian Unbare

Scott Haywood, eight unrepresented prisoners at the Lake County Jail, signed and filed

a pleading titled Class Action Complaint for Violation of Civil Rights. ECF 1. "A class

action can be maintained only if the class representative will fairly and adequately

protect the interests of the class." *Boyce v. Cox*, 170 F.4th 613, 618 (7th Cir. 2026) (cleaned

up). This case cannot proceed as a class action because a *pro se* prisoner is inadequate to

represent the interests of his fellow inmates. *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D.

Ind. 2000).

Because Plaintiffs cannot bring this lawsuit as a class action, the Court construes the complaint as filed jointly pursuant to Federal Rule of Civil Procedure 20(a)(1). A complaint filed by multiple prisoners can proceed if the criteria of permissive joinder are satisfied. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). In addition to the requirements listed in Rule 20, the Seventh Circuit recognizes that a district court has discretion to consider additional "relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" and not "create prejudice, expense or delay." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Based on the facts of this case, joinder of these unrepresented inmates is not appropriate.

None of the plaintiffs are lawyers, so none of them may represent any of the others. Accordingly, each plaintiff must read and sign every filing. *Cline v. LaPorte Cnty. Cmty. Corr.*, No. 3:20-CV-422-DRL-MGG, 2020 WL 3100432, at *1 (N.D. Ind. June 11, 2020). "[I]nmates are constantly being released from custody, transferred to another facility, and relocated within a facility. Once convicted, an inmate can be relocated at any time without notice." *Hunter v. Allen Cnty. Jail*, No. 1:20-CV-412-WCL-SLC, 2020 WL 6874210, at *1 (N.D. Ind. Nov. 23, 2020). As the case proceeds, it may be impossible for plaintiffs to obtain each other's signatures if they are not housed together. Indeed, one of the plaintiffs has already been transferred three times. ECF 3, 4, 7.

Furthermore, Federal Rule of Civil Procedure 5(a) requires all filings be served on every other party, including any plaintiff who did not sign it. This would impose an additional cost on the plaintiffs. Institutional rules prohibit inmates from corresponding

within and between facilities for security reasons. *See Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008) ("Concerns of security are to be given 'particular sensitivity.'"). If a plaintiff does not comply with Rule 5, he is not only in violation of the Federal Rules, but the other plaintiffs are also left ignorant of the activity in the case. *Cline*, 2020 WL 3100432, at *1 (N.D. Ind. June 11, 2020). One of the plaintiffs has already submitted two filings without a certificate of service indicating that a copy was sent to the other seven plaintiffs. ECF 3 and 4.

Additionally, exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a). Each inmate must separately exhaust all the claims he is bringing. Even if they have similar claims, the exhaustion question must be individually adjudicated. Doing so in the same lawsuit could result in separate scheduling deadlines and unnecessary delays. *Hunter*, 2020 WL 6874210, at *2.

Each plaintiff signed a motion asking to proceed in forma pauperis. ECF 2. However, they are each individually required to pay the full filing fee without regard to how much any of the other inmate plaintiffs may have paid. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Under 28 U.S.C. § 1915, each of them must be assessed an initial partial filing fee based on their individual inmate trust accounts (assuming one or more is not barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g)), and those initial partial filing fees must be paid before the case can be screened under 28 U.S.C. § 1915A. *See Martin v. United States*, 96 F.3d 853, 856 (7th Cir. 1996) ("Congress wanted to relieve the pressures on the federal courts of frivolous suits by prison inmates and we can best achieve that purpose by insisting on payment in advance in every case in

which that is feasible."). This staggered payment schedule could result in inordinate delay for others if one or more of the plaintiffs did not promptly pay as required.

Federal Rule of Civil Procedure 21 permits a court, "[on] just terms," to drop a party" at any time. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be separately screened)[.]"). In this case, it is fair to open a separate case for each plaintiff because they all signed the original complaint. Doing so allows for the efficient, individual determination of each plaintiff's case. Yet it does not preclude any plaintiff from cooperating with any other to the extent he is able. Neither does it preclude future consolidation pursuant to Rule 42(a) if that is appropriate at any stage of the proceeding. Thus, "separating these *pro se* prisoners into individual cases will merely permit the efficient and just adjudication of their claims." *Wasko v. Allen Cnty. Jail*, No. 1:06-CV-085 TLS, 2006 WL 978956, at *2 (N.D. Ind. Apr. 12, 2006).

For these reasons, the Court:

(1) DISMISSES Jerod Leon Hargrove, Lamont Pariel Wilkerson, Edward Trzasa, Terrell Hampton, Matthew Midkiff, Darion Caldwell, Shamarian Unbare Scott Haywood;

(2) DIRECTS the clerk to open a separate case for Jerod Leon Hargrove, Lamont Pariel Wilkerson, Edward Trzasa, Terrell Hampton, Matthew Midkiff, Darion Caldwell, Shamarian Unbare Scott Haywood with this order and the complaint (ECF 1); and

(3) DIRECTS the clerk to directly assign these related, newly opened cases under N.D. Ind. L.R. 40-1(e).

SO ORDERED.

ENTERED: May 18, 2026.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT